Brevard, J.
The action was trespass quare clausum fr'egit. The locus in quo belonged to Thomas Roach, the father of the plaintiff, who died intestate, after the act of assembly was passed, which abolished the right of primogeniture, leaving a widow and' four children.
The widow being entitled to one third part of the real as well as' personal estate of her husband, under the act, conveyed to the defendant, for a valuable consideration, by deed, all her right of dower,. in and to the land in question.
The defendant entered into, and took possession of the land in virtue of the' said deed, claiming all the right, title, and interest, of |he widow, as parcener, under the said act of Assembly, as statu»-tary heir.
It was insisted for the defendant, that the deed was intended to convey dll the widow's estate in the land, and that her dower by the' common law must be out of the question, as it was not her best estate. But, at all events, it was further insisted, as the widow was-entitled to continue on the land until her dower was assigned, she' might transfer her right of possession; and as her dower was not assigned, the defendant -was entitled to keep possession, in her name? until it was assigned.
*81 Upon these grounds the defendant offered the deed in evidence, to prove his right to enter and possess.
This evidence was objected to as irrelevant, and insufficient to answer the purpose for which it was offered ; and it was rejected by the court on the ground, that it only conveyed the right of dower of the widow at common law, and not the part she was entitled to claim by the act of assembly : and.that the widow was not entitled to the possession of the land before the assignment of the dower; and then only to the part assigned 5 and‘that her dower had not been assigned.
It did not appear that the trespass complained of, was for any act done on the land, within forty days after the death of the intestate, so as to bring in question the widow’s quarentine. It was nevertheless contended, that the widow was entitled to hold possession of the lands in the actual occupation of the intestate,at his death, until the assignment of her dower, and even after the lapse of forty days. *
The jury found a verdict for one hundred and thirty dollars for the plaintiff.
A new trial has been moved for oh two grounds: First, because the evidence which was offered and rejected, ought to have been admitted. And, secondly, because the damages found are excessive.'
On the first point, I agree with the judge who presided at the trial.* The deed cannot, legally be considered to convey more than the widow’s right of dower.
It may be that her intention was to convey her best interest in the land, and that such was the understanding of both the parties ; but this meaning cannot be collected, or inferred from the deed : and no court can lawfully give a construction to a written instrument, contrary to its plain import, in order to favor a conjectural meaning. We must understand from the deed, that the widow had elected to waive her claim to a distribution of her husband’s estate, according to the statute, and relied on her common law right of dower. This she might do; and motives sufficiently strong may be supposed to justify such a choice. At any rale, as she had the right to do so, we are bound, from the language of the deed, to presume that she intended 'to do so.
How far the widow is obliged by this deed to desist from any future claim under the statute, as distributary heir, and content herself with the common law provision she seems to have chosen, is not a subject of inquiry necessary to the decision of this case. The *82 mistake, if it be one, in all probability, admits of a sufficient remedy' somewhere. The question at present, is only as to the meaning and legal effect of the deed, as it respects the defendant, who claims under it.
On this point, it appears to me, there can be no doubt. It conveys the widow’s dower, and nothing more. Still, however, the question remains, was the deed properly refused admission as evidence ? I am clearly of opinion it was properly refused.
It was not pretended that dower was assigned, and until the dower is assigned, the widow is not entitled to enter and have possession. (Bac. Abr. “ Dower,” let. G.) But the widow was entitled to her quarentine, it has been contended, and to keep possession until her dower is assigned. The answer to this is, that the deed does not profess to convey any right of this sort, but only the widow’s right of dower, which is a right very different from that of quarentine.
But,adrfiitting the construction contended for, and that the widow’s quarentine may be intended, still the right of the defendant under the deed, to enter and possess the land, cannot be maintained.
What is the nature of the widow’s quarentine 1 It is not an estate in land, but a mere personal privilege, founded in that tenderness and generosity which the indulgent policy of the law extends to forlorn and helpless widows.
Before the conquest in England, it seems this privilege continued a whole year. It was afterwards abridged by custom to forty days, which term was finally established by the great charter.
During the quarentine, the widow is considered as continuing her husband's estate, and not as having an estate of her own. In the exercise ofthis right, she claims paramount to the heir, and not under him. (2 Bac. Abr. 127. 2 Bl. Com. 135. 2 Woodd. 23. Co. Litt. 30, 37. 9 Vin. Abr. 258. Dy. 278. 2 Inst. 17, 481. Co. Litt. 32, a. 34. 5 Com. Dig. 2 Hayw. 188. 7 Johns. N. Y. Rep. 247. Jackson v. O’Danahy.)
For all these reasons, my opinion is, that the deed was properly rejected as irrelevant, and inadmissible evidence.
With regard to the second point, although it does strike me that the damages are unreasonably high, yet I am ignorant of any certain standard by which the court is authorized to measure the damages, so as to pronounce clearly and satisfactorily that these damages are excessive. This was a question exclusively within the province of the jury, who had the evidence before them, and who were most competent to decide on the credibility of the witnesses, *83 and the force of their testimony. As I have no reason to dispute the intelljgence and understanding of the jury, any more than their integrity, I cannot consent to interfere with their verdict.